**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SIDNEY JAMES BREWER, #624856,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:08-CV-0847-L** |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a habeas corpus action brought by a state a prisoner pursuant to 28 U.S.C. § 2241. Instead of submitting a habeas corpus petition, Petitioner filed a motion for leave to file a second or successive petition for a writ of habeas corpus.

Parties: Petitioner is currently incarcerated at the Michael Unit of the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Tennessee Colony, Texas. Respondent is the Director of TDCJ-CID. No process has been issued in this case pending preliminary screening.

Statement of the Case: On January 23, 1996, a jury found Petitioner guilty of aggravated sexual assault of a child under fourteen years of age, enhanced the sentence with two prior

felony convictions, and assessed punishment at seventy years imprisonment. *State v. Brewer*, No. F92-40877 (Crim. Dist. Ct. No. 5, Dallas County, Tex.), *affirmed*, No. 05-96-00217-CR (Tex. App. -- Dallas, Mar. 5, 1998, pet. ref.). Petitioner unsuccessfully sought habeas relief in state and federal court. *Ex parte Brewer*, No. WR-21,102-02 (Tex. Crim. App. Jun. 30, 1999) (denied); *Ex parte Brewer*, Nos. WR-21,102-03 (Tex. Crim. App. Jan. 26, 2005) (dismissed as successive); *Ex parte Brewer*, WR-21,102-04 (Tex. Crim. App. Dec. 13, 2006) (dismissed as successive); *Brewer v. Johnson*, No. 3:99cv1464 (N.D. Tex., Dallas Div. Jul. 12, 2001) (denied federal habeas relief on the merits*), COA denied*, No. 01-11073 (5th Cir. Nov. 13, 2001); *Brewer v. Quarterman*, 3:07cv0772-R (N.D. Tex., Dallas, Div. Oct. 12, 2007) (dismissed federal petition as successive), *denied leave to file successive application*, No. 08-10082 (5th Cir. Mar. 5, 2008).

In the present action, Petitioner seeks leave to file a successive habeas petition. He reiterates the claims raised in his last federal petition, No. 3:07cv0772-R, and before the Fifth Circuit Court of Appeals in his unsuccessful motion for leave to file in No. 08-10082. The claims are as follows:

> (1) counsel rendered ineffective assistance in failing to bring forward evidence of Petitioner's actual innocence at trial;
> (2) insufficient evidence was presented to establish statutory enhancement requirements; and
> (3) denial of requested DNA testing on the prior conviction used for enhancement purposes violated Petitioner's constitutional rights and the interest of justice.

(*See* Petitioner's mot. for leave to file successive petition at 5).

Findings and Conclusions: Although Petitioner seeks habeas relief pursuant to 28 U.S.C. § 2241, he clearly seeks to attack the state court conviction for which he is presently incarcerated within TDCJ-CID. As such this action should be construed as a habeas corpus petition pursuant to 28 U.S.C. § 2254, which is reserved for habeas applications "in behalf of a person in custody

pursuant to the judgment of a State court . . . ."  *See* 28 U.S.C. § 2254(a).  Petitioner's arguments

to the contrary, that his petition should be analyzed under § 2241 instead of § 2254, are

conclusory and unsubstantiated.  Federal courts have generally interpreted § 2241 as a statutory

grant of authority to issue habeas writs, while § 2254 is deemed to implement that authority with

respect to state prisoners.  *Felker v. Turpin*, 518 U.S. 651, 662, 116 S. Ct. 2333, 2339 (1996)

("Our authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the

conditions under which such relief may be granted to 'a person in custody pursuant to the

judgment of a State court.'").

Petitioner seeks leave to file a successive habeas corpus petition.  District courts lack

jurisdiction over motions for leave to file a successive petition.  Such motions must be filed in

the United States Court of Appeals for the Fifth Circuit.  *See* 28 U.S.C. § 2244(b)(3)(A) (West

2007) ( "Before a second or successive application . . . is filed in the district court, the applicant

shall move in the appropriate court of appeals for an order authorizing the district court to

consider the application."); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (holding that

§ 2244(b)(3)(A) constitutes a bar to a district court's jurisdiction to consider a successive habeas

petition unless the Fifth Circuit has granted the petitioner permission to file such a petition).

Consequently, the motion for leave to file should be denied and this case should be

dismissed for want of jurisdiction, but without prejudice to Petitioner seeking relief in the United

States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A).  *See In re Epps*, 127

F.3d 364, 365 (5th Cir. 1997) (setting out the requirements for filing a motion for authorization

to file a successive habeas petition in the Fifth Circuit Court of Appeals).

RECOMMENDATION:

For the foregoing reasons it is recommended that Petitioner's motion for leave to file second or successive habeas corpus petition be DENIED without prejudice, and that this case be DISMISSED for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

The Clerk will mail a copy of this recommendation to Petitioner.

Signed this 21st day of May, 2008.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE


<u>NOTICE</u>

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.