IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SIDNEY JAMES BREWER, #624856**, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:08-CV-0847-L** |
| | § | |
| **NATHANIEL QUARTERMAN, Director**, | § | |
| **Texas Department of Criminal Justice**, | § | |
| **Correctional Institutions Division**, | § | |
| | § | |
| Respondent. | § | |

# ORDER

Before the court are the Findings, Conclusions and Recommendation of the United States Magistrate Judge, filed May 21, 2008. On June 17, 2008, Petitioner filed his Motion to Administratively Close Cause No. 3:08-CV-0847-L.

In this case, Plaintiff filed a Motion for Leave to File a Second or Successive Habeas Corpus Petition on May 19, 2008. The magistrate judge considered the motion and construed this case as a habeas petition brought pursuant to 28 U.S.C. § 2254. The magistrate judge found that this petition is a second or successive petition for post-conviction relief. Section 2244(b)(3) specifically provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The Fifth Circuit has held that the statutory provision "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Accordingly, the magistrate judge recommended that the court dismiss the petition for want of jurisdiction, without prejudice to Petitioner's right to file a motion

for leave to file a successive petition with the United States Court of Appeals for the Fifth Circuit. Petitioner's motion asks the court to close this case and open a new case by filing the habeas petition he attached to his May 19, 2008 motion. He states that on March 5, 2008, the appellate court denied his motion for leave to file a second or successive petition pursuant to section 2244(b)(3)(A), and argues that he is actually innocent.

Having reviewed the pleadings, file and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct. The magistrate judge's findings and conclusions are therefore **accepted** as those of the court. The court is without jurisdiction to entertain this matter and therefore **dismisses** Petitioner's habeas petition. This dismissal is without prejudice to Plaintiff's right to file a motion for leave to file a second or successive section 2254 petition in the United States Court of Appeals for the Fifth Circuit. The court **denies** Petitioner's Motion to Administratively Close Cause No. 3:08-CV-0847-L and declines to file his habeas petition as a new cause because the court is without jurisdiction to consider a second or successive petition that is filed without leave from the appellate court.

**It is so ordered** this 20th day of June, 2008.

Sam A. Lindsay
United States District Judge